IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL DELEON, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>CINCO PEREZ TRUCKING LLC,<br><br>    Defendant. | Civil Action No.: 4:22-cv-530<br><br>**COLLECTIVE ACTION COMPLAINT** |

## ORIGINAL COMPLAINT

### SUMMARY

1. Plaintiff, Samuel Deleon ("Deleon" or "Plaintiff"), on behalf of himself and all others similarly situated, brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Cinco Perez Trucking LLC, ("CPT" or "Defendant") under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et seq.*

2. Deleon worked for the Defendant CPT as a Loading Supervisor from approximately June 1, 2016, to February 16, 2020.

3. Deleon, and the Putative Collective Action Members (as defined below) regularly worked in excess of 40 hours per workweek.

4. Deleon, and the Putative Collective Action Members, never received overtime compensation for the hours worked in excess of 40 hours in a single workweek.

5. Instead of receiving overtime as required by the FLSA, Defendant paid Deleon, and the Putative Collective Action Members, a flat rate for each day worked ("day rate") without

overtime premium compensation for hours worked in excess of 40 hours in a workweek.

6. Deleon, and the Putative Collective Action Members, never received a guaranteed salary.

7. Because Deleon and the Putative Collective Action Members were never paid a salary, the white-collar exemptions to the FLSA do not apply, regardless of the job duties performed by Deleon and the Putative Collective Action Members.

8. Defendant CPT is therefore liable to Deleon, and the Putative Collective Action Members, for the per se violation of the FLSA.

9. This collective action seeks to recover the unpaid overtime wages, and other damages, owed to Deleon and the Putative Collective Action Members.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

12. Defendant Cinco Perez Trucking LLC has its principal place of business at PO Box 611, San Diego, Texas 78384 as indicated by the Texas Secretary of State business entity database.

13. Defendant Cinco Perez Trucking LLC conducts substantial business operations in this District.

14. Defendant Cinco Perez Trucking, LLC maintains a listed registered agent for service of process in Texas located at 601 E. Main St., Suite 250, Alice, Texas 78332 as indicated by the Texas Secretary of State business entity database.

## PARTIES

15.  Samuel Deleon currently resides in Bexar County, Texas. Deleon provided services for the Defendant CPT from approximately June 1, 2016, to February 16, 2020.

16.  Deleon worked as a Supervisor for Defendant overseeing projects and ensuring that work was completed in a safe and timely manner.

17.  Throughout his employment with the Defendant, Deleon was paid a day rate with no overtime compensation despite working substantial overtime hours.

18.  CPT is a local trucking company specializing in transportation of general freight.

19.  Deleon's relationship with the Defendant was an employer/employee relationship.

20.  Deleon brings this action on behalf of himself and all other similarly situated employees who worked more than 40 hours in any given workweek and who did not receive the proper overtime compensation based on CPT's day rate compensation system.

21.  Deleon and the Putative Collective Action Members regularly worked more than 40 hours each week.

22.  Defendant paid these employees a day rate, regardless of the hours worked, and failed to pay overtime premium compensation for hours worked in excess of 40 in a workweek, in clear violation of the FLSA.

23.  The similarly situated employees, or Putative Collective Action Members, sought to be certified is defined as follows:

> **All Loading Supervisors, and similar employees, employed by, or working on behalf of, Cinco Perez Trucking, LLC who worked in excess of 40 hours in any given workweek, and who were paid a "day rate" which failed to include overtime compensation at any time during the past three (3) years (the "Putative Collective Action Members").**

24.  The Putative Collective Action Members are easily ascertainable from the business

and personnel records maintained by Defendant.

## COVERAGE UNDER THE FLSA

25. At all relevant times, Defendant CPT has been an employer within the meaning of the Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

26. At all relevant times, Defendant CPT has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

27. At all relevant times, Defendant CPT has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). The Defendant has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

28. At all relevant times, Defendant has had annual gross volume of sales made, or business done, of not less than $500,000.00.

29. At all relevant times, Deleon and the Putative Collective Action Members were engaged in commerce or in the production of goods for commerce.

30. Defendants treated Deleon and the Putative Collective Action Members as employees and uniformly dictated the pay practices which applied to them.

31. Defendant's day rate pay scheme, depriving Deleon and the Putative Collective Action Members of overtime compensation for weeks in which they worked over 40 hours is, in and of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

32. Defendant CPT is a local trucking company specializing in transportation of general

freight. CPT also provided transportation of sand for oil drilling companies.

33. As a Supervisor, Deleon's primary job duties included overseeing loading of sand into CPT vehicles to ensure it was performed in a safe and efficient manner. Mr. Deleon was also responsible for completing any and all related paperwork.

34. During the relevant period, Deleon worked for Defendant in excess of 40 hours on numerous occasions.

35. During the relevant period, Deleon was paid a day rate for each day worked, regardless of the number of hours worked, and Defendant wrongly denied him the overtime premium compensation he deserved for hours worked in excess of 40 in any workweek.

36. Without the job performed by Deleon, Defendant would not have been able to complete its business objectives.

37. Deleon was economically dependent on Defendant and relied on Defendant for work and compensation.

38. Defendant dictated the amount and the type of compensation that Deleon would receive.

39. Deleon was never paid a salary.

40. Deleon never received overtime compensation for hours worked in excess of 40 in a workweek.

41. Deleon often worked 12 or more hours per day, 7 days per week, for weeks at a time.

42. Defendant knew Deleon regularly worked in excess of 40 hours in numerous workweeks.

43. Defendant CPT set Deleon's schedule and compensation and decided what work

Deleon would perform.

44. The work Deleon performed was an essential part of Defendant's core businesses.

45. Defendant uniformly denied, refused, or failed to pay Deleon overtime compensation for the hours he worked in excess of 40 hours in a single workweek.

46. Deleon was not exempt from overtime.

47. Defendants knew, or showed reckless disregard for whether, Deleon was not exempt from the FLSA's overtime provisions.

48. Defendants knew, or showed reckless disregard for whether, the conduct described in this Complaint violated the FLSA.

49. The overtime owed to Deleon will be calculated using the Defendants' payroll records.

50. Deleon sustained damages arising out of Defendant's illegal and uniform employment policy.

51. Defendant is liable under the FLSA for failing to pay overtime to Deleon.

52. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Deleon.

53. Defendant was aware, or should have been aware, that the FLSA required them to pay Deleon overtime compensation for all hours worked in excess of 40 hours per workweek.

## COLLECTIVE ACTION ALLEGATIONS

54. Deleon brings this claim as a collective action under the FLSA.

55. Based on his experiences with Defendant, Deleon is aware that Defendant's illegal and unlawful practices and/or pay policies were imposed on the Putative Collective Action

6

Members.

56. Deleon's experiences are typical of the experiences of the Putative Collective Action Members.

57. Deleon has no interest contrary to, or in conflict with, the Putative Collective Action Members that would prevent collective treatment.

58. The Putative Collective Action Members are similarly situated to Plaintiff Deleon in all relevant respects.

59. The Putative Collective Action Members were victimized by Defendant's pattern, practice, and/or policy which was a willful violation of the FLSA.

60. To provide services, Defendant hired the Putative Collective Action Members to work on their behalf.

61. During the relevant period, the Putative Collective Action Members worked for Defendant in excess of 40 hours a week for weeks at a time.

62. During the relevant period, the Putative Collective Action Members were paid a day rate for each day worked, regardless of the hours worked, and Defendant wrongly denied them the overtime premium compensation they deserved for hours worked in excess of 40 in any workweek.

63. Throughout their employment with Defendant, the Putative Collective Action Members regularly worked more than 40 hours each week without receiving overtime compensation.

64. Without the job performed by the Putative Collective Action Members, Defendant would not have been able to complete its business objectives.

65. The Putative Collective Action Members were economically dependent on

Defendant and relied on Defendant for work and compensation.

66. Defendant dictated the amount and the type of compensation that the Putative Collective Action Members would receive.

67. The Putative Collective Action Members were never paid a salary.

68. The Putative Collective Action Members never received overtime compensation for hours worked in excess of 40 in a workweek.

69. If the Putative Collective Action Members did not work in a week, they did not receive a guaranteed amount of at least $455.

70. Putative Collective Action Members often worked 12 or more hours per day, 7 days per week, for weeks at a time.

71. Defendant knew the Putative Collective Action Members regularly worked in excess of 40 hours in a workweek.

72. Defendant set the Putative Collective Action Members' schedules and compensation and decided what work they would perform.

73. The work the Putative Collective Action Members performed was an essential part of Defendant's core businesses.

74. Defendant uniformly denied, refused, or failed to pay the Putative Collective Action Members overtime compensation for the hours they worked in excess of 40 hours in a single workweek.

75. The Putative Collective Action Members were not exempt from overtime.

76. Defendant knew, or showed reckless disregard for whether, the Putative Collective Action Members were not exempt from the FLSA's overtime provisions.

77. Defendant knew, or showed reckless disregard for whether, the conduct described

in this Complaint violated the FLSA.

78. The overtime owed to the Putative Collective Action Members will be calculated using the Defendant's payroll records and the same formulae that applies to Deleon.

79. The Putative Collective Action Members sustained damages arising out of Defendant's illegal and uniform employment policy.

80. Defendant is liable under the FLSA for failing to pay overtime to the Putative Collective Action Members.

81. As part of its regular business practices, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the Putative Collective Action Members.

82. Defendant was aware, or should have been aware, that the FLSA required them to pay the Putative Collective Action Members for all hours worked in excess of 40 hours per workweek.

83. A collective action is superior to other available means for fair, efficient, and consistent adjudication of the lawsuit.

84. Absent a collective action, the Putative Collective Action Members would not obtain redress for their injuries, and Defendant would reap the unjust benefits of violating the FLSA.

85. Further, even if some of the Putative Collective Action Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

86. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Collective Action Members, as well as provide judicial consistency.

87. The questions of law and fact that are common to each Putative Collective Action Member predominate over any questions affecting solely the individual members.

88. Among the common questions of law and fact are:

   a. Whether Plaintiff and the Putative Collective Action Members were employees;
   b. Whether Defendant's decision to not pay overtime compensation to these workers was made in good faith;
   c. Whether Defendant's illegal and unlawful practices applied to the Putative Collective Action Members;
   d. The proper measure of damages sustained by Plaintiff and the Putative Collective Action Members.

89. Deleon knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

90. Even if the issue of damages were somewhat individualized in character, the damages can be calculated by reference to Defendant's records, and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

91. There are similarly situated Putative Collective Action Members who have been denied, refused, or not paid overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

92. The notice should be sent to the Putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

93. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## CAUSE OF ACTION
## VIOLATION OF THE FLSA

94. Deleon realleges and incorporates by reference all allegations in preceding paragraphs.

95. Deleon brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

96. Defendant violated, and continues violating, the FLSA by failing to pay Deleon and the Putative Collective Action Members overtime compensation.

97. Deleon and the Putative Collective Action Members were Defendant's employees for purposes of the FLSA overtime requirements.

98. Defendant was Deleon's, and the Putative Collective Action Members', employer under the FLSA. Defendant suffered or permitted Deleon and the Putative Collective Action Members to work for, or on, its behalf during the relevant period.

99. Defendant failed to pay Deleon and the Putative Collective Action Members overtime as required by the FLSA.

100. Defendant knowingly, willfully, or in reckless disregard, carried out this illegal pattern or practice of failing to pay Deleon and the Putative Collective Action Members overtime compensation.

101. Defendant's failure to pay overtime compensation to Deleon and the Putative Collective Action Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

102. Accordingly, Deleon and the Putative Collective Action Members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their hourly rate of pay, plus liquidated damages, attorney's fees and costs.

## **PRAYER**

**WHEREFORE**, Plaintiff Samuel Deleon, individually and on behalf of the Putative Collective Action Members, demands judgment against Defendant and respectfully requests that this Honorable Court grant the following relief:

a. An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Putative Collective Action Members to permit them to join this action by filing a written notice of consent;

b. A judgment against Defendant awarding Deleon and the Putative Collective Action Members the unpaid overtime compensation owed to them and an additional, equal amount, as liquidated damages;

c. Declaratory judgement that the practices complained of in this Complaint are unlawful under the FLSA;

d. An Order awarding attorneys' fees, costs, and expenses;

e. Pre- and post-judgment interest at the highest applicable rates; and

f. Such other and further relief as may be necessary and appropriate under applicable law and in the Court's discretion.

Respectfully submitted,

By: /s/ Gabriel A. Assaad
Gabriel A. Assaad
Texas Bar No. 24076189
gassaad@mcdonaldworley.com
Matthew S. Yezierski
Texas Bar No. 24076989
matt@mcdonaldworley.com
McDONALD WORLEY, P.C.
1770 St. James Pl., Suite 100
Houston, TX 77056
(713) 523-5500 – telephone
(713) 523-5501 – facsimile

Galvin Kennedy
Federal Bar No. 20791
Texas State Bar No. 00796870
Galvin@KennedyAttorney.com
KENNEDY LAW FIRM, LLP
2925 Richmond Ave., Ste. 1200
Houston, TX 77098
(713) 425-6445 - telephone
(888) 389-9317 - facsimile

**ATTORNEYS FOR PLAINTIFF**